UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHERYL DRUGICH,

       Plaintiff,                    Case No. 23-cv-12520
                                        Hon. Matthew F. Leitman

v.

McLAREN HEALTH
CARE CORPORATION,

       Defendant.
_____/

**ORDER (1) GRANTING PLAINTIFF DRUGICH'S MOTION
TO CONSOLIDATE CASES AND APPOINT THE MILLER LAW FIRM,
P.C., MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC,
AND SHUB & JOHNS, LLC AS INTERIM LEAD CO-COUNSEL (ECF No.
4) AND (2) SETTING A SCHEDULE FOR CERTAIN FILINGS**

On October 5, 2023, Plaintiff Cheryl Drugich filed this putative class action against Defendant McLaren Health Care Corporation. (*See* Compl., ECF No. 1.) Since that time, several other Plaintiffs have filed related actions in this District (the "Related Cases"). Each of the Related Cases have since been re-assigned to this Court. Those cases are as follows:

- *Jamie McSkulin v. McLaren Health Care Corp.*, Case No. 23-cv-12535;

- *Kati Komorosky v. McLaren Health Care Corp.*, Case No. 23-cv-12546;

- *Janise Norwood v. v. McLaren Health Care Corp.*, Case No. 23-cv-12553;

- *Sarah Lewis v. v. McLaren Health Care Corp.*, Case No. 23-cv-12571;

1

- *David Weathers v. McLaren Health Care Corp.*, Case No. 23-cv-12608;

- *Tamyra Wells v. McLaren Health Care Corp.*, Case No. 23-cv-12650; and

- *Kyle Turri v. McLaren Health Care Corp.*, Case No. 23-cv-13119.

On October 16, 2023, Drugich filed a Motion to Consolidate Cases and to Appoint Lead Counsel. (*See* Mot., ECF No. 4.) The motion is currently unopposed.[1]

The Court held an on-the-record status conference with counsel for all Plaintiffs and McLaren on February 27, 2024. For the reasons discussed with counsel during that conference, and for the additional reasons explained in Drugich's Motion, the Motion is **GRANTED** as follows.

The Related Cases identified above should be consolidated into this action, Case No. 23-cv-12520, for all purposes, including pre-trial proceedings, trial, and appeal, pursuant to Federal Rule of Civil Procedure 42(a) and E.D. Mich. Local Rule 42.1 (the "Consolidated Action").

The Clerk of Court is **DIRECTED** to close the *McSkulin*, *Komorosky*, *Norwood*, *Lewis*, *Weathers*, *Wells*, and *Turri* actions. The Clerk of Court is **FURTHER DIRECTED** to transfer all documents already docketed in those Related Cases into the Consolidated Action.

---

[1] Plaintiff David Weathers initially opposed Drugich's motion. But he has since withdrawn that objection. On March 8, 2024, Weathers' counsel informed the Court that "Mr. Weathers has no objection to the motion to consolidate and to appoint interim class counsel." (*Weathers v. McLaren Health Care Corp.*, Case No. 23-12608, ECF No. 12.)

2

All subsequent papers filed in the Consolidated Action must be filed under this case name and number, *Cheryl Drugich v. McLaren Health Care Corporation*, Case No. 4:23- cv-12520-MFL-CI, the case number assigned to the first-filed case.

The Miller Law Firm, P.C., Milberg Coleman Bryson Phillips Grossman PLLC, and Shub & Johns LLC are appointed as Interim Lead Counsel in the Consolidated Action pursuant to Fed. R. Civ. P. 23(g)(3). For the reasons discussed with counsel on the record during the February 27 status conference, and the additional reasons explained in Drugich's Motion, that appointment is appropriate and would promote the orderly and efficient management of the Related Cases and would ensure that prosecution of the case and any potential settlement is led by counsel that is adequately prepared to represent the interests of the named Plaintiffs and the putative class members.

Finally, the Consolidated Action will proceed on the following schedule:

- McLaren is not required to respond to the initial Complaint;
- By no later than **May 1, 2024**, Plaintiffs shall file a Master Consolidated Complaint in the Consolidated Action.
- By no later than **May 22, 2024**, McLaren shall either (1) file an Answer to the Master Consolidated Complaint or (2) send a letter to Plaintiffs' counsel setting forth the deficiencies that McLaren believes exist in the Master Consolidated Complaint. If McLaren sends such a letter to Plaintiffs' counsel, McLaren need not file an Answer or a Motion to Dismiss the Master Consolidated Complaint.

3

- If McLaren files an Answer to the Master Consolidated Complaint, the Court will convene a scheduling conference with the parties.

- If McLaren sends a letter to Plaintiffs' counsel highlighting the alleged deficiencies in Plaintiffs' allegations, then, by no later than **June 12, 2024**, Plaintiffs shall either file (1) a First Amended Master Consolidated Complaint that addresses the alleged deficiencies in their allegations identified in McLaren's letter or (2) a notice that Plaintiffs intend to stand on their Master Consolidated Complaint. The Court does not anticipate allowing Plaintiffs another opportunity to amend to add factual allegations that they could include in a First Amended Master Consolidated Complaint. Simply put, this would be Plaintiffs' opportunity to amend their allegations to cure the alleged deficiencies in their claims.

- By no later than **July 3, 2024**, McLaren shall file either an Answer to or a Motion to Dismiss the First Amended Master Consolidated Complaint, if one is filed, or file either an Answer to or a Motion to Dismiss the Master Consolidated Complaint if Plaintiffs choose not to file an amended pleading.

**IT IS SO ORDERED**.

s/Matthew F. Leitman  
MATTHEW F. LEITMAN  
UNITED STATES DISTRICT JUDGE

Dated: April 2, 2024

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 2, 2024, by electronic means and/or ordinary mail.

s/Holly A. Ryan  
Case Manager  
(313) 234-5126